IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


RONALD C. DAVIS,

      Plaintiff,

v.                                        Case No. 2:15-cv-09756

WEXFORD HEALTH SOURCES, INC.,

      Defendant.


MEMORANDUM OPINION & ORDER

Pending before the court is the defendant Wexford Health Sources, Inc.'s unopposed Motion to Dismiss [ECF No. 13]. By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For reasons appearing to the court, the referral of this matter to Magistrate Judge Tinsley is **WITHDRAWN**.   Further, it is hereby **ORDERED** that the defendant's Motion to Dismiss [ECF No. 13] is **GRANTED** and that this matter is **DISMISSED** without prejudice.

I.      The Plaintiff's Allegations and Procedural History.

On July 9, 2015, the plaintiff, an inmate at the Mount Olive Correctional Complex ("MOCC"), instituted this civil action by filing a Letter-Form Complaint [ECF No. 1], alleging that prison officials have shown deliberate indifference to a serious medical need because they have not provided him treatment for chronic

Hepatitis C.  On October 13, 2015, the plaintiff filed a form Complaint [ECF No. 5],

using the form required by this court for Complaints brought by prisoners under 42

U.S.C. § 1983.[1]  It is the form Complaint [ECF No. 5] (hereinafter "Complaint") upon

which this matter is now proceeding.

> The "Statement of Claim" in the Complaint asserts as follows [verbatim]:

> I have got Hepatitis C and I'm ask just for treatment, for this disease is
> a blood-borne virus that can lead to liver failure, liver cancer and death
> without showing any symptoms.

Compl. 4 [ECF No. 5]. His request for relief simply states, "I want the court to get me

treatment." *Id.* at 5.

On May 18, 2016, the court granted the plaintiff's Application to Proceed

Without Prepayment of Fees and Costs [ECF No. 4] and ordered service of process on

Wexford.  On June 15, 2016, Wexford Health Sources, Inc. (hereinafter "Wexford"),

by counsel, filed the instant Motion to Dismiss [ECF No. 13] and a Memorandum of

Law in support thereof [ECF No. 14].  The Motion and Memorandum assert that

Wexford is not a person pursuant to 42 U.S.C. § 1983 and that the allegations in the

Complaint fail to state a claim of deliberate indifference to a serious medical need

under the Eighth Amendment.  The plaintiff has not responded to the Motion to

Dismiss.

---

[1] The form Complaint named "Prison Medical Offices at Mount Olive Correctional Complex" as the defendant in the style of the case.  However, in the body of the Complaint, the plaintiff lists "Wexford Health Services" as the sole defendant.  The proper name of the contracted medical provider at the Mount Olive Correctional Complex ("MOCC") is "Wexford Health Sources, Inc.," which was substituted as the defendant herein.

## II.    Standard of Review.

Pro se complaints are held to less stringent standards than those drafted by

attorneys, and the court is obliged to construe liberally such complaints.   However,

in *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed

that a case should be dismissed for failure to state a claim upon which relief can be

granted if, viewing the well-pleaded factual allegations in the complaint as true and

in the light most favorable to the plaintiff, the complaint does not contain "enough

facts to state a claim to relief that is plausible on its face."  While the complaint need

not assert "detailed factual allegations," it must contain "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at

555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*,

556 U.S. 662 (2009).  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the
> tenet that a court must accept as true all of the allegations contained in
> a complaint is inapplicable to legal conclusions.  Threadbare recitals of
> the elements of a cause of action, supported by mere conclusory
> statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955
> (Although for the purposes of a motion to dismiss we must take all of the
> factual allegations in the complaint as true, we "are not bound to accept
> as true a legal conclusion couched as a factual allegation" (internal
> quotation marks omitted).  Rule 8 . . . does not unlock the doors of
> discovery for a plaintiff armed with nothing more than conclusions.
> Second, only a complaint that states a plausible claim for relief survives
> a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a complaint, they

must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678–79. The defendant's motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standards.

### III.    Discussion.

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of rights guaranteed by the United States Constitution or other federal laws.  *Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982).  Wexford asserts that it is not a suable "person" under § 1983; that there are no allegations in the Complaint that can plausibly establish that Wexford, or any other person, has denied him treatment; or that Wexford has an official policy or custom to deny treatment to inmates who have Hepatitis C.  Wexford further states:

> Apparently, the plaintiff may be attempting to hold Wexford liable under the theory of respondeat superior as the employer of the physician or other medical staff at the facility.  As there are no allegations against Wexford involving alleged policies or customs of deliberate indifference, respondeat superior does not apply to the private corporation and the action should be dismissed.  *Paige v. Kerby* [sic; *Page v. Kirby*], 414 F. Supp.2d 619 [(N.D. W. Va. 2004)].

Mem. Supp. Mot. Dismiss 2 [ECF No. 14].

Wexford also argues that the Complaint should be dismissed because it wholly fails to allege deliberate indifference or any other basis for a federal constitutional claim.  Rather, Wexford asserts that the Complaint simply states the plaintiff has Hepatitis C and that he desires treatment. Wexford contends that the failure to allege

4

that he has been denied treatment is fatal to the plaintiff's Complaint. *Id.* at 3.

Federal courts are discouraged from interfering with the daily operations and administration of state correctional facilities. *See Bell v. Wolfish*, 441 U.S. 520, 662 (1979) (warning courts against becoming "enmeshed in the minutiae of prison operations"). Inquiry of federal courts into prison management must be limited to the issue of whether a particular administrative action violates the federal Constitution. *Id.*

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

Claims concerning deliberate indifference to an inmate's medical treatment are generally addressed under the Eighth Amendment to the United States Constitution. "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental

fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).

"Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832–35; *Sosebee v. Murphy*, 797 F.2d 182–83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296–97 (4th Cir. 1978).

*Rush v. VanDevander*, No. 7:08cv00053, 2008 WL 495651, at *1 (W.D. Va. Feb. 21, 2008); *Banks v. Green Rock Corr. Ctr. Med. Dep't*, No. 7:07cv00456, 2007 WL 2903673, at *1 (W.D. Va. Oct. 3, 2007); *see also Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

An inmate must also sufficiently allege the subjective component of deliberate indifference.

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851–852. Disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not

6

subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care; treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977).

The Complaint, even when read liberally, contains insufficient allegations that any person has exhibited a deliberate indifference to the plaintiff's serious medical needs in violation of his Eighth Amendment rights. Because Wexford is a contracted medical provider for the West Virginia Division of Corrections, a state agency with oversight of MOCC, the deliberate indifference standard is applicable to Wexford's conduct  and its employees' conduct. *West v. Atkins*, 487 U.S. 42 (1998) (explaining that a private entity which contracts with the state to provide medical services acts "under color of state law"). However, "[a] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original).

While a diagnosis of chronic Hepatitis C may be a serious medical need, the plaintiff has not sufficiently alleged facts to support a claim of deliberate indifference concerning treatment for the disease. The plaintiff's allegations against Wexford are too conclusory to establish a plausible claim of deliberate indifference and the Complaint does not at all allege that Wexford has any official policy or custom that has caused a deprivation of his constitutional rights. Rather, the plaintiff's

threadbare allegations are nothing more than a disagreement over treatment that he speculates to be medically necessary, which is not actionable under § 1983. *Wright*, 766 F.2d at 849; *Russell*, 528 F.2d at 319. As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care; treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate." *Bowring*, 551 F.2d at 47–48.

### IV.   Conclusion.

For the reasons stated herein, and pursuant to the standards set forth in *Twombly* and *Iqbal*, the court **FINDS** that the Complaint [ECF No. 5] fails to state a claim upon which relief can be granted. Accordingly, the court **ORDERS** that the Motion to Dismiss [ECF No. 13] is **GRANTED** and the matter is **DISMISSED without prejudice**.[2] In refiling, the plaintiff should be mindful of the pleading requirements and authority discussed herein.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:      March 9, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] "While the district court need not inform the [pro se] plaintiff that he should amend his complaint, where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice." *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (per curium).